In the Matter of the Estate of JOHN O. GARRETSEE, Deceased.

Surrogate's Court, Erie County, May 12, 1932.

*Herman B. Van Peyma* [*William C. Carroll* of counsel], for the executors.

*Schohl & Kinkel* [*William R. Pooley* of counsel), for Ida B. Garretsee and Ruth R. Jensen.

*Coatsworth & Diebold* [*Charles Diebold* of counsel], for the estate of Henry R. Hoffeld, claimant.

HART, S.   This is a proceeding for the judicial settlement of the accounts of two of the executors of John O. Garretsee, late of the town of Lancaster, Erie county, N. Y., deceased, but more particularly for the determination of a claim filed by H. Rudolph Shepherd, one of the executors of the will of Henry R. Hoffeld, deceased.

It appears that John O. Garretsee, late of the village of Lancaster, Erie county, N. Y., deceased, died in said village of Lancaster on the 7th day of February, 1929, leaving a last will and testament which was admitted to probate February 18, 1929, and letters testamentary thereunder issued to Ruth B. Jensen, Clarence K.

Porter and Melville K. Snyder, and that the said Henry R. Hoffeld, late of the village of Lancaster, Erie county, N. Y., deceased, died in said village of Lancaster on the 1st day of November, 1930, leaving a last will and testament which was admitted to probate November 13, 1930, and letters testamentary thereunder issued to Emma H. Hoffeld and Henry Rudolph Shepherd, the executors therein named.

And it further appears that on or about the 26th day of January, 1924, the said John O. Garretsee and the said Henry R. Hoffeld and certain other persons entered into a copartnership agreement to form and operate a bank in the village of Depew, known as The Transit Banking Company, a copartnership, and prior to the signing of said copartnership and for the purpose of inducing the said Henry R. Hoffeld to join therein, and invest the sum of $1,000 therein, the said John O. Garretsee, in his own handwriting, delivered to the said Henry R. Hoffeld an instrument of guaranty in words and form as follows:

" HENRY R. HOFFELD, Esq.,
        " Lancaster, N. Y.

" DEAR HENRY.— You have signed an agreement this day taking a one-fifteenth interest in the new bank at Depew.

" I hereby agree to stand between you and any loss that may come to you through this organization.

                " Very truly yours,
                    J. O. GARRETSEE,
                        " 11/20/23."

That thereafter and on or about the 14th day of May, 1926, the said John O. Garretsee and the said Henry R. Hoffeld entered into a second copartnership agreement with certain other persons, extending the number of copartners engaged in said banking business in the village of Depew under the name of The Transit Banking Company, a copartnership, and both of said agreements contained a proviso that said copartnership should extend over a period of five years from the date of said respective instruments.

And it further appears that said bank continued to operate until about July, 1930, when, pursuant to a resolution introduced by one of said copartners, said The Transit Banking Company began a liquidation of its affairs and borrowed a considerable sum of money from the Bank of Lancaster for the purpose of paying its depositors, and it now appears that the liabilities of the said The Transit Banking Company exceed its assets, and that the funds invested, being the sum of $1,000 by each of said copartners, are entirely lost and that there may possibly be a contingent loss when the affairs

of said copartnership are finally liquidated, which loss, if any, cannot be determined at this time.

I am of the opinion that the guaranty given by the said John O. Garretsee to the said Henry R. Hoffeld was given for sufficient consideration and was binding upon him and his said estate, and that the executors of Henry R. Hoffeld succeed to the rights under said guaranty, and that the $1,000 invested by the said Henry R. Hoffeld in said The Transit Banking Company is a complete loss, and the estate of the said John O. Garretsee is liable to the estate of the said Henry R. Hoffeld for the payment of such loss; that if any further loss may be suffered by the estate of Henry R. Hoffeld on account of being called upon to make a contribution in the final liquidation of the affairs of the said The Transit Banking Company, that the estate of John O. Garretsee is liable to the estate of the said Henry R. Hoffeld for such possible contingent loss, and that the interest of the estate of Henry R. Hoffeld in such copartnership should be assigned to the estate of the said John O. Garretsee, and said estate held liable for the loss of the $1,000 invested in said copartnership, and for any contingent loss which may develop when the affairs of said copartnership are fully liquidated.

A decree may enter accordingly.